Dykman, J.
The principal object of the plaintiffs in this action is the procurement of a sale or partition of certain real property in the city of Brooklyn, but subsidiary relief is also sought against the defendant, A. Augustus Healy, who has become a purchaser of the premises at a sale thereof for unpaid taxes and assessments made by the defendant Jackson as registrar of arrears of the city of Brooklyn.
Subsequent to the commencement of the action a motion was made on behalf of the plaintiff Garczynski for an order restraining the registrar of arrears from executing and delivering to the defendant A. Augustus Healy any deed of conveyance for the premises in pursuance of his purchase from that officer. That motion was denied, and the plaintiff has appealed from the order of denial.
On or about the fourth day of December, 1886, and subsequent to the decision of the motion, the registrar of arrears executed and delivered to the defendant A. Augustus Healy a deed of conveyance for the premises so purchased *837 by him, and he thereupon made a motion for leave to serve a supplemental answer in the action setting up that fact, to the end that his proof thereof might be legitimately made upon the trial of the action. The motion was granted, and the plaintiff: Garczynski also appeals from that order.
There is plainly no merit in either appeal.
If the sale of the premises vested no right or title in the purchaser, the fact will be so found and determined upon the trial of the action, and no sufficient reason exists for arresting the operation of the laws of taxation in the city of Brooklyn when every presumption is in favor of their regular and valid administration and execution.
Nay, more, in view of the finality imparted to the determination of the board of assessors in fixing the amounts of arrearages in the way of taxes and assessments which ought in fairness and justice to be laid and charged against and collected from any land, it would be exceedingly unwise, upon the decision of a mere motion to review or reverse such determination.
Yet these remarks are not intended to indicate any doubt' of the regularity and legality of the taxes and assessments in question, for our views are quite to the contrary, but we only intend to hold now that a decision of that question is not necessary to sustain the order from which the appeal is taken.
The allowance of the supplemental pleading setting up, the deed subsequently delivered was obviously a wise exercise of discretionary power. The purchaser at the tax sale was thus placed in a position to introduce proof to establish his legal rights, whatever they are, and place before the court the facts which will enable it to administer justice to all the parties.
Both orders should be affirmed, with ten dollars costs and disbursements.
Barnard, P. J., and Pratt, J., concur.